[Nos. 21673-2-I; 21770-4-I.   Division One.   August 7, 1989.]

GARY W. GAGE, *Appellant,* v. THE BOEING COMPANY, *Respondent.*

158

*Lembhard G. Howell,* for appellant.

*Heidi Sachs* and *Perkins Coie,* for respondent.

SWANSON, J.—In this consolidated appeal, Gary W. Gage challenges orders vacating two default judgments. The orders arose from two separate industrial injury claims filed in 1981 and 1983 involving the same claimant—appellant Gage—and the same employer—respondent Boeing Company. In each case, Boeing prevailed before the Board of Industrial Insurance Appeals (the Board). Gage filed separate appeals in superior court pursuant to RCW 51.52.110. When Boeing failed to respond by filing notices of appearance as required by RCW 51.52.110, Gage sought and was granted default judgments in both cases. Gage did not

notify Boeing of the default proceedings. The trial court eventually granted Boeing's motions to vacate the default judgments. Gage now appeals from the orders vacating the default judgments.

As initially framed by the parties, the primary issue on appeal was whether respondent counsel's failure to file a notice of appearance pursuant to RCW 51.52.110 constituted a "mistake" or "excusable neglect" sufficient to justify vacation of the default judgments pursuant to CR 60(b)(1).[1] In response to a request by this court at oral argument, the parties submitted additional briefing directed to the question whether respondent was entitled to notice of the default proceedings, an issue not raised below.

Default judgments are not favored in the law. *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 581, 599 P.2d 1289 (1979). The fundamental guiding principle

> should be whether or not justice is being done. Justice will not be done if hurried defaults are allowed any more than if continuing delays are permitted. But justice might, at times, require a default or a delay. What is just and proper must be determined by the facts of each case, not by a hard and fast rule applicable to all situations regardless of the outcome.

*Griggs,* at 582 (quoting *Widicus v. Southwestern Elec. Coop., Inc.*, 26 Ill. App. 2d 102, 109, 167 N.E.2d 799 (1960)). We will not disturb the trial court's decision on a motion to vacate absent an abuse of discretion; an abuse of discretion is less likely to be found when the trial court vacates a default judgment than when it refuses to do so. *White v. Holm,* 73 Wn.2d 348, 351–52, 438 P.2d 581 (1968).

The default judgments in the instant case were entered following respondent's failure to comply with RCW 51.52-.110, which provides in pertinent part:

> If the case is one involving a self–insurer, such self–insurer shall, within twenty days after receipt of such notice of appeal, serve and file its notice of appearance and such appeal shall thereupon be deemed to be at issue.

---

[1]Counsel for Boeing eventually acknowledged that she was unaware of the notice of appearance requirement of RCW 51.52.110.

Except as otherwise expressly provided, however, "the practice in civil cases shall apply to appeals" pursuant to RCW 51.52. RCW 51.52.140. Motions for entry of default are governed by CR 55, which provides:

> **(a) Entry of Default.**
> (1) *Motion.* When a party against whom a judgment for affirmative relief is sought has failed to appear, plead, or otherwise defend as provided by these rules and that fact is made to appear by motion and affidavit, a motion for default may be made.

A party who has not appeared prior to filing of a motion for default is not entitled to notice of the motion. CR 55(a)(3). A party "who has appeared in the action for any purpose", however, must be served with written notice of the default motion at least 5 days prior to the hearing on the motion. CR 55(a)(3); *cf.* CR 55(a)(2) ("[a]ny appearances for any purpose in the action shall be for all purposes under this rule 55"). Consequently, respondent was entitled to notice of the motions for default if it had "appeared" in "the action" for any purpose.

Appellant maintains that "the action" for purposes of CR 55 must be narrowly construed to mean only the appeal pursuant to RCW 51.52.110. Because respondent failed to file a notice of appearance for purposes of RCW 51.52.110, appellant reasons, it was not entitled to notice under CR 55. In support of this position, appellant points to the numerous procedural rules and deadlines governing proceedings under the workers' compensation act. *See, e.g., Skagit Motel v. Department of Labor & Indus.,* 107 Wn.2d 856, 734 P.2d 478 (1987) (jurisdiction of the courts granted only upon conditions set forth in workers' compensation statutes).

Appellant's approach, however, confuses the consequences of a failure to file a notice of appearance under RCW 51.52.110, a question not before this court, with the concept of an appearance for purposes of CR 55. Given the general disfavor with which it is regarded,

> the default judgment must normally be viewed as available only when the adversary process has been halted because of an

essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection. Furthermore, the possibility of a default is a deterrent to those parties who choose delay as part of their litigative strategy. The notice requirement contained in Rule 55(b) (2) is, however, a device intended to protect those parties who, although delaying in a formal sense by failing to file pleadings within the twenty–day period, have otherwise indicated to the moving party a clear purpose to defend the suit.

*H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970) (construing comparable federal rule). In order to further the principles underlying CR 55, we must therefore construe the concept of appearance broadly, not narrowly.

Washington's appearance statute, RCW 4.28.210, provides:

> A defendant appears in an action when he answers, . . . makes any application for an order therein, or gives the plaintiff written notice of his appearance. After appearance a defendant is entitled to notice of all subsequent proceedings; but when a defendant has not appeared, service of notice or papers in the ordinary proceedings in an action need not be made upon him.

The statutory methods of appearance, however, are not exclusive. *Dlouhy v. Dlouhy*, 55 Wn.2d 718, 721, 349 P.2d 1073 (1960). Whether a party has "appeared" for purposes of the rule requiring notice prior to an entry of default is generally a question "of intention, as evidenced by acts or conduct, such as the indication of a purpose to defend or a request for affirmative action from the court, constituting a submission to the court's jurisdiction." Annot., *What Amounts to "Appearance" Under Statute or Rule Requiring Notice, to Party Who Has "Appeared," of Intention To Take Default Judgment*, 73 A.L.R.3d 1250, 1254 (1976). Courts in Washington have construed the concept broadly and have found an appearance in a variety of circumstances. *See, e.g., Dlouhy v. Dlouhy, supra* (defendant's acts in resisting motion to convert temporary restraining order into injunction pending trial constitute appearance

requiring notice of subsequent proceedings); *Warnock v. Seattle Times Co.,* 48 Wn.2d 450, 294 P.2d 646 (1956) (defendant's service of demand for security for costs constituted appearance); *State ex rel. Trickel v. Superior Court,* 52 Wash. 13, 100 P. 155 (1909) (defendant's service of interrogatories on plaintiff constituted appearance).

Courts in other jurisdictions have recognized a variety of informal acts on the part of a defendant as sufficiently responsive to constitute an appearance for purposes of rules comparable to CR 55. *See, e.g., H.F. Livermore* (settlement negotiations and other exchanges between parties were sufficient to constitute appearance and require notice of application for default judgment); *see also* 6 J. Moore, *Federal Practice* ¶ 55.05[3], at 55–27 (2d ed. 1988). Under some circumstances, where a defaulting party appeared in an earlier action that was essentially identical to a later action, the defaulting party was found to have appeared in the later action for purposes of requiring notice of a motion for default. *See, e.g., Turner v. Salvatierra,* 580 F.2d 199 (5th Cir. 1978); *Press v. Forest Labs.,* 45 F.R.D. 354 (S.D.N.Y. 1968).

■ For purposes of this decision, however, we need not explore the outer boundaries of conduct that might constitute an appearance for purposes of CR 55. Here, respondent appeared and vigorously contested appellant's claims through all of the initial stages at the administrative level leading up to the appeal. Under these circumstances, appellant can have entertained no illusions regarding respondent's intentions to contest the claims.

In order to accept appellant's position, we would have to characterize the instant action as having essentially commenced in superior court, an approach that would elevate form over substance. Although an appeal from the Board of Industrial Insurance Appeals to superior court pursuant to RCW 51.52.110 involves a de novo hearing, the court's jurisdiction is appellate only; review is limited to the record before the Board. *Rybarczyk v. Department of Labor & Indus.,* 24 Wn. App. 591, 593, 602 P.2d 724 (1979), *review*

*denied,* 93 Wn.2d 1010 (1980); RCW 51.52.115. By definition, an appeal pursuant to RCW 51.52.110 is a continuation of "the action," even though the action was not formally initiated in court. Consequently, we conclude that respondent appeared in "the action" for purposes of CR 55. Having initially appeared, respondent was entitled to notice of the default proceedings. RCW 4.28.210; CR 55(a)(3).

Pursuant to CR 55(c), motions to vacate default judgments are governed by CR 60(b). In exercising its discretion to vacate a judgment pursuant to CR 60(b), the trial court considers the following factors:

> (1) the existence of substantial evidence to support, at least prima facie, a defense to the claim asserted; (2) the reason for the party's failure to timely appear, *i.e.,* whether it was the result of mistake, inadvertence, surprise or excusable neglect. The secondary factors are: (3) the party's diligence in asking for relief following notice of the entry of the default; and (4) the effect of vacating the judgment on the opposing party.

*Calhoun v. Merritt,* 46 Wn. App. 616, 619, 731 P.2d 1094 (1986). These factors vary in significance, depending on the circumstances of the case:

> A strong defense requires less of a showing of excuse, provided the failure to appear was not willful. But if the party can show only a minimal prima facie defense, the court will scrutinize the other considerations more carefully.

*Calhoun v. Merritt, supra* at 619.

■ When the party seeking to vacate a default judgment is able to demonstrate "a strong or virtually conclusive defense" to the opponent's claim,

> scant time will be spent inquiring into the reasons which occasioned entry of the default, provided the moving party is timely with his application and the failure to properly appear in the action in the first instance was not willful.

*White v. Holm, supra* at 352. Here, the party moving for relief had already prevailed on the merits. Although the Department of Labor and Industries originally allowed both of Gage's claims, Boeing prevailed before the Board of Industrial Insurance Appeals. In an appeal to superior court, the record is restricted to that presented to the Board and the Board's findings and decision "shall be

prima facie correct and the burden of proof shall be upon the party attacking the same." RCW 51.52.115. We can conceive of few circumstances in which the party moving to vacate a default judgment could demonstrate a stronger and more conclusive defense to the opposing party's claim than those present here.

Moreover, upon learning of the default judgment, Boeing moved promptly to set it aside. Nothing in the record suggests that counsel's failure to file a notice of appearance was willful. On their face, appellant's notices of appeal did not call for a reply or responsive pleading. Thus, this is not a situation in which counsel ignored the plain language of legal process. *Cf. Commercial Courier Serv., Inc. v. Miller,* 13 Wn. App. 98, 533 P.2d 852 (1975). Nor has appellant identified any significant hardships resulting from the delay caused by the vacation of the default judgments. Consequently, given the strength of Boeing's defense on the merits, we need not scrutinize closely the reasons that led to entry of the default judgment.

In order to justify relief from judgment pursuant to CR 60(b)(1), the moving party must demonstrate, among other possible reasons, "irregularity in obtaining a judgment or order . . ."[2] Irregularities within the meaning of CR 60(b)(1) "are those relating to want of adherence to some prescribed rule or mode of proceeding." *In re Adamec,* 100 Wn.2d 166, 174, 667 P.2d 1085 (1983). A failure to provide notice of default proceedings when required is generally regarded as "a serious procedural error" that justifies vacation. 10 C. Wright, A. Miller & M. Kane, *Federal Practice* § 2687, at 438 (2d ed. 1983); 6 J. Moore, *supra.* In a case decided prior to adoption of the current civil rules, our Supreme Court held that the trial court lacked authority to enter an order of default where the defendants had

---

[2] The appellate record does not indicate how the trial court categorized respondent counsel's conduct in this case.

appeared in an action by serving a notice of appearance on plaintiff's attorney. *Tiffin v. Hendricks,* 44 Wn.2d 837, 847, 271 P.2d 683 (1954). The court then went on to hold:

> [W]here the court has no authority to enter a default judgment because the defendant is not in default, the court has no discretion to exercise on the question of whether the judgment should be set aside. In the latter instance, the defendant may have such a default judgment set aside as a matter of right and no showing of a meritorious defense is necessary.

*Tiffin v. Hendricks, supra; see also Hofto v. National Cas. Co.,* 135 Wash. 313, 237 P. 726 (1925).

■ We need not determine the precise legal status of the default judgments vacated in the instant case. At the very least, the failure to provide notice as required by CR 55(a)(3) was an irregularity within the meaning of CR 60(b)(1). In light of this irregularity, as well as respondent's substantial defense, respondent's diligence in seeking relief following notice of the default, and the absence of substantial hardship to the appellant, we conclude that the trial court did not abuse its discretion in vacating the default judgments.

We offer no opinion whether a failure to provide notice pursuant to CR 55(a)(3) might also justify vacation of a default judgment on grounds other than an "irregularity" within the meaning of CR 60(b)(1). *See generally Gustafson v. Gustafson,* 54 Wn. App. 66, 772 P.2d 1031 (1989) (CR 60(b) grounds for vacation are not mutually exclusive and may overlap). Nor do we reach the issue, originally raised by the parties, whether respondent counsel's failure to file a notice of appearance constituted a "mistake" or "excusable neglect" that would justify vacation under the circumstances present here. *Cf.* Annot., *Opening Default or Default Judgment Claimed To Have Been Obtained Because of Attorney's Mistake as to Time or Place of Appearance, Trial, or Filing of Necessary Papers,* 21 A.L.R.3d 1255 (1968).

166

Affirmed.

COLEMAN, C.J., and PEKELIS, J., concur.

Review denied at 113 Wn.2d 1028 (1989).