[No. 20516-9-III. Division Three. June 20, 2002.]

DONNA ELLISON, *Appellant*, v. PROCESS SYSTEMS INCORPORATED CONSTRUCTION COMPANY, *Respondent*.

*Stewart R. Smith* (of *Lacy & Kane, P.S.*), for appellant.
*Gerald J. Moberg*, for respondent.

KURTZ, J. — Donna Ellison appeals an order of the superior court vacating a default judgment entered against Process Systems Incorporated Construction Company (PSI). More than two years after the entry of the judgment, PSI asked that the default judgment be vacated because it was obtained by misrepresentation or misconduct, or because it was void. The superior court granted PSI's motion to vacate the judgment, ruling that because the judgment had been entered without notice to PSI after it appeared, the judgment was void. We agree and affirm.

## FACTS

After Donna Ellison was fired by PSI, she consulted attorney Stewart R. Smith. She reported that PSI's stated reasons for her discharge—loitering or wasting time on the job, encouraging other employees to engage in similar conduct, and intimidating employees who refused—were pretextual. The real reason for her dismissal, according to

Ms. Ellison, was her opposition to the sexual harassment of her female coworkers. Specifically, Ms. Ellison stated that she had witnessed the sexual harassment of her female coworkers by PSI employee Ellis Bufkin. To her attorney, Ms. Ellison stated her belief that she was discharged by PSI because she had informed her fellow coworkers that Mr. Bufkin's conduct constituted sexual harassment that they need not tolerate.

Approximately two weeks after he met with Ms. Ellison, Mr. Smith wrote a letter to Herb Gerson, an attorney representing PSI. Mr. Smith knew that Mr. Gerson handled employment litigation for PSI because the two attorneys were working on another employment case involving PSI. In his letter to Mr. Gerson, Mr. Smith stated Ms. Ellison's claim against PSI and asked that she be reinstated with back pay.

In a letter dated June 12, 1998, a PSI attorney responded to Mr. Smith's letter. In that letter, PSI stated that Ms. Ellison had been dismissed for cause and denied that the dismissal was in any way related to sexual harassment. Even so, the PSI attorney stated that PSI took seriously allegations regarding sexual harassment of its employees. The letter advised Mr. Smith that the matter would be investigated and asked for additional information. On June 26, the same attorney wrote Mr. Smith that remedial action had been taken.

Apparently dissatisfied with PSI's responses to her attorney's letters, Ms. Ellison sued PSI for wrongful discharge. The complaint was filed on September 17, 1998. The summons and complaint were personally served upon PSI's registered agent in the State of Washington on September 28. When PSI failed to appear and answer the complaint, Ms. Ellison filed a motion and affidavit for default. An order of default was entered on November 20, 1998.

Nearly six months later, on May 19, 1999, Ms. Ellison asked the court to enter a default judgment against PSI. The court granted Ms. Ellison's request for a total judgment of $177,874.56.

More than two years later, on July 27, 2001, PSI asked that the default judgment be vacated. The motion was based upon CR 60(b)(4), fraud, misrepresentation, or other misconduct of an adverse party; CR 60(b)(5), void judgment; CR 60(b)(9), unavoidable casualty or misfortune; and CR 60(b)(11), other reasons permitting vacation. In support of its motion, PSI submitted the affidavits of Herb Gerson, Tiny Jenkins, and Richard McLeod III. Mr. Jenkins is PSI's Human Resources Administrator. Mr. McLeod was the project supervisor for the job on which Ms. Ellison worked. They stated that Ms. Ellison was terminated for "loitering" on the job and mistreating other employees. Clerk's Papers (CP) at 84, 86. They further stated that she never complained about sexual harassment of female employees by Mr. Bufkin or any other employee.

Mr. Gerson stated that he represented PSI as an attorney in an employment lawsuit involving a client represented by Mr. Smith. The case, entitled *Blackard v. PSI*, was filed in Grant County (Cause No. 98-2-00176-0) on February 20, 1998. On March 10, 1998, the case was removed to federal court and thereafter remanded back to state court in November 1998. The case settled on March 26, 2001. Mr. Gerson reports that during the pendency of this employment case, Mr. Smith never once mentioned that he had sued PSI on behalf of Ms. Ellison or that he had taken a judgment against Mr. Gerson's client.

Additionally, Mr. Gerson's affidavit questions whether Ms. Ellison's lawsuit was ever forwarded to PSI by its registered agent. He also notes neither he nor his client ever received a copy of any of Ms. Ellison's pleadings, such as the order of default or the default judgment. Finally, Mr. Gerson expresses his belief that PSI has a valid defense to Ms. Ellison's claim for wrongful discharge.

In response to PSI's CR 60 motion, Ms. Ellison submitted the affidavit of her attorney, Mr. Smith. In that affidavit, he denies a relationship between *Blackard v. PSI* and *Ellison v. PSI*. He emphasizes the two cases involved different witnesses and different legal theories. Like Ms. Ellison, Mr.

Blackard sued for wrongful discharge; but, unlike Ms. Ellison, his claim was based upon a workplace safety issue. More significantly, Mr. Smith notes that his communications with PSI's attorney occurred prior to the filing of Ms. Ellison's lawsuit. After the lawsuit was filed, there were no communications between the attorneys. For Mr. Smith, this means that there was no representation, no misrepresentation, and no fraud.

In a letter opinion, the superior court judge agreed with Mr. Smith that there had been no misrepresentation or misconduct. But, the court granted PSI's motion to vacate the judgment, apparently reasoning that the parties' exchange of letters was sufficient to constitute an informal appearance in the lawsuit and that a judgment taken without notice after an appearance is void. Ms. Ellison appeals.

## ANALYSIS

■■ Default judgments are disfavored because the law prefers determination of controversies on their merits. *Dlouhy v. Dlouhy*, 55 Wn.2d 718, 721, 349 P.2d 1073 (1960). Conversely, an orderly system of justice requires compliance with judicial process and finality to judicial proceedings. *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 581, 599 P.2d 1289 (1979). Regardless, a proceeding to vacate a default judgment is equitable in character and relief is to be afforded in accordance with equitable principles. " '[T]he overriding reason should be whether or not justice is being done.' " *Id.* at 582 (quoting *Widucus v. S.W. Elec. Coop.*, 26 Ill. App. 2d 102, 109, 167 N.E.2d 799, 803 (1960)).

■■ While relief from a default judgment is governed by equitable principles, the grounds and procedures for vacating a judgment are provided in CR 60. A trial court's decision to vacate a judgment under CR 60 is reviewed for an abuse of discretion. *Hwang v. McMahill*, 103 Wn. App. 945, 949, 15 P.3d 172 (2000), *review denied*, 144 Wn.2d 1011 (2001). Abuse of discretion means that the trial court

exercises discretion on untenable grounds or for untenable reasons. *Prest v. Am. Bankers Life Assurance Co.*, 79 Wn. App. 93, 97, 900 P.2d 595 (1995).

■ PSI asked the superior court to set aside the default judgment under CR 60(b)(4), (5), (9), and (11), which provide:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (4) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (5) The judgment is void;
>
> . . . .
>
> (9) Unavoidable casualty or misfortune preventing the party from prosecuting or defending;
>
> . . . .
>
> (11) Any other reason justifying relief from the operation of the judgment.

A motion based on CR 60(b)(4), (9), and (11) must be made within a reasonable time. CR 60(b); *Suburban Janitorial Servs. v. Clarke Am.*, 72 Wn. App. 302, 307-09, 863 P.2d 1377 (1993). But a motion to vacate a judgment because it is void may be made at any time. *State ex rel. Turner v. Briggs*, 94 Wn. App. 299, 305, 971 P.2d 581 (1999).

■ ■ CR 55 provides a party cannot enter a default judgment against another party who has "appeared in the action for any purpose" without notice to that party. CR 55(a)(3); *accord Batterman v. Red Lion Hotels, Inc.*, 106 Wn. App. 54, 58, 21 P.3d 1174 (2001). If the court enters an order of default in a case where an appearing party lacks notice, the defaulted party is entitled as a matter of right to have the judgment set aside. *Shreve v. Chamberlin*, 66 Wn. App. 728, 731-32, 832 P.2d 1355 (1992). The issue here is

whether the superior court erred in determining that PSI appeared. As heretofore stated, we view this determination for an abuse of discretion. *Batterman*, 106 Wn. App. at 59.

■ ■ In the normal course, a party "appears" in an action when the party "answers, demurs, makes any application for an order therein, or gives the plaintiff written notice of his appearance." RCW 4.28.210. These methods, however, are not exclusive. In certain circumstances, informal acts may constitute an appearance. *Batterman*, 106 Wn. App. at 59. Whether a party has appeared is generally "a question of 'intention, as evidenced by acts or conduct, such as the indication of a purpose to defend.'" *Gage v. Boeing Co.*, 55 Wn. App. 157, 161, 776 P.2d 991 (1989) (quoting Annotation, *What Amounts to "Appearance" Under Statute or Rule Requiring Notice, to Party Who Has "Appeared," of Intention to Take Default Judgment*, 73 A.L.R.3d 1250, 1254 (1976)). CR 55 is intended to protect those parties who, although delaying in the formal sense by failing to file pleadings within the prescribed period, have otherwise indicated to the moving party a clear purpose to defend the lawsuit. *Gage*, 55 Wn. App. at 161.

In *Batterman*, Division One of this Court held that correspondence relating to settlement can constitute an informal appearance. There, defendant Red Lion did not file an answer or notice of appearance in response to Mr. Batterman's complaint. Accordingly, Mr. Batterman obtained a default judgment without notice to Red Lion. The superior court vacated the default judgment because Red Lion's claims administrator had contacted Mr. Batterman before, during, and after the initiation of the lawsuit. Division One affirmed, holding that the continuing contact was evidence of Red Lion's intent to defend. *Batterman*, 106 Wn. App. at 62-63.

*Batterman* relies upon *Gage*. In *Gage* an industrial injury claimant appealed to the superior court an adverse decision of the Board of Industrial Insurance Appeals. Boeing failed to appear and Mr. Gage obtained a default judgment. Division One affirmed the vacation of the default judgment

because Boeing had informally appeared through its defense against Mr. Gage's claims at the administrative level. The court reasoned: "Given the general disfavor with which it is regarded, 'the default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party.' " *Gage*, 55 Wn. App. at 160-61 (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

██ Ms. Ellison contends an informal appearance can be recognized only if the acts constituting the appearance occur after a lawsuit has been filed in superior court. Admittedly, *Batterman* is distinguishable because in that case there were ongoing and frequent communications regarding a possible settlement after service of the summons and complaint. In *Gage*, however, the contacts constituting the informal appearance occurred before the filing of the lawsuit. In this case, PSI sent two letters to Ms. Ellison's attorney prior to the service of process. Regardless, the issue should not turn on when the acts occurred, but on whether the acts sufficiently communicated PSI's intention to defend the lawsuit.

Here, the superior court concluded that PSI's two letters responding to Mr. Smith's demand letter sufficiently communicated PSI's intent to defend Ms. Ellison's claim for wrongful discharge. In the June 12, 1998 letter, PSI's attorney informed Mr. Smith that Ms. Ellison was "terminated for misconduct and loitering on Company time." CP at 53. The letter further stated "[t]o the extent that she talked with co-workers about their 'rights under state and federal laws,' PSI was unaware of any such discussions, and these discussions were not even remote factors in your client's termination." CP at 53. The superior court's conclusion that the exchange of letters constituted an informal appearance is not an abuse of discretion.

Affirm.

BROWN, C.J., and Schultheis, J., concur.

Review denied at 148 Wn.2d 1021 (2003).