IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MARK HOFFMAN,<br><br>               Respondent,<br><br>       v.<br><br>ALLFI, INC.,<br><br>               Appellant,<br><br>and<br><br>FRANK SHREYBERG, and<br>JOHN DOES 1-10,<br><br>               Defendants.[†] | No. 85254-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DíAZ, J. — Mark Hoffman obtained a default judgment against AllFi, Inc. after it failed to appear or respond to his lawsuit. A commissioner denied AllFi's request to vacate the default judgment. AllFi now appeals the superior court's order denying its motion to revise the commissioner's order. AllFi argues that Hoffman did not properly serve it and that excusable neglect, among other equitable factors, entitle it to relief from judgment. We disagree and affirm.

---

[†] Frank Shreyberg, as an individual, and John Does 1-10 are not participating in this appeal.

## I.  BACKGROUND

On June 24, 2021, Mark Hoffman filed a complaint against AllFi and its sole corporate officer Frank Shreyberg, claiming violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq*.  Hoffman alleged that Shreyberg caused illegal telemarketing calls to be made to his cellular phone in April and May 2017.

Prior to filing his lawsuit, Hoffman determined that Shreyberg was the registered agent for AllFi and that its registered office was located in Brooklyn, New York (hereinafter the "Brooklyn address").  On March 29, 2021, a registered process server left the summons and complaint at the Brooklyn address with an individual who identified himself as "Jason D" and allegedly said he was authorized to accept service.

Shreyberg and AllFi did not appear or answer Hoffman's complaint.  On July 1, 2021, a superior court commissioner entered an order of default judgment against AllFi and Shreyberg.  In December 2022, Hoffman obtained writs of garnishment against Shreyberg and AllFi and caused the documents to be mailed to AllFi at the Brooklyn address.  The garnishment documents were returned undelivered to Hoffman's representative.

On January 23, 2023, AllFi and Shreyberg moved to vacate the default judgment on the ground that they were never properly served.  Shreyberg asserted that he learned of Hoffman's lawsuit for the first time on January 13, 2023, when he discovered that his bank account was frozen to satisfy the writ of garnishment.  He further asserted that AllFi had moved from the Brooklyn address on March 7, 2021, several weeks before Hoffman attempted service.

A superior court commissioner considered the matter at an evidentiary hearing on February 23, 2023. The process server testified that the person who answered the door at the Brooklyn address identified himself as "Jason D," stated that he and Shreyberg resided there, and asserted that he was authorized to accept service for AllFi. Shreyberg testified that it was only an office and nobody ever resided there. He denied that anyone named Jason ever worked there or was authorized to accept service on behalf of AllFi. And although Shreyberg was uncertain as to when AllFi vacated the premises, he thought it was sometime in February or March 2021.

Upon cross examination, Hoffman pointed out that "as of today … the State of New York still shows that your statutory address [as the Brooklyn address]." When asked why he had not changed it, Shreyberg responded: "It was an oversight on my part. I should have, but didn't. You know, this was at the time there was -- COVID was, you know, it was -- it was just at the outbreak, and I should have gone in but neglected to, so, yes." Shreyberg then stated that AllFi's current registered address was in Florida and acknowledged that the Brooklyn address "should have been corrected, it should have been changed."

The commissioner found that Hoffman met the requirements for service of process as to AllFi but not as to Shreyberg. In oral remarks, the commissioner described AllFi's failure to change its registered agent listing for the State of New York as "outrageous" and declined to vacate the judgment based on excusable neglect. The commissioner ultimately found that no equitable basis existed to vacate the default judgment. Accordingly, the commissioner granted the motion to vacate default judgment as to Shreyberg but denied it as to AllFi.

AllFi filed a motion in superior court to revise the commissioner's order to the extent it denied AllFi's motion to vacate the default judgment[1]. In support of its motion, AllFi submitted additional evidence that was not before the commissioner. On April 20, 2023, the superior court declined to consider the additional evidence and denied revision. The order stated that the court "agrees with the commissioner's ultimate conclusion that AllFi has not demonstrated entitlement to its requested relief to vacate the default and judgment against it because it failed to demonstrate excusable neglect. To that extent, the Court adopts the commissioner's legal reasoning and factual findings as its own." The order specified that the court had not considered materials not presented to the commissioner.

AllFi appeals.

## II.  ANALYSIS

### A. Standard of Review

All commissioner decisions are subject to revision by the superior court. WASH. CONST., art. IV, § 23. "Such revision shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner ...." RCW 2.24.050. On a motion to revise, the superior court reviews the commissioner's findings of fact and conclusions of law de novo based on the evidence and issues presented to the commissioner. In re Vulnerable Adult Pet. for Winter, 12 Wn. App. 2d 815, 829, 460 P.3d 667 (2020). The superior court "is not required to defer to the fact finding discretion of the commissioner" but "is authorized to determine its own facts based on the record

---

[1] AllFi claims it moved for reconsideration of the commissioner's order and assigned error to that denial. But AllFi moved for revision, not reconsideration, so we interpret its challenge as such.

before the commissioner." In re Marriage of Dodd, 120 Wn. App. 638, 644-45, 86 P.3d 801 (2004). On appeal, we review the superior court's decision, not the commissioner's. Boeing Emps. Credit Union v. Burns, 167 Wn. App. 265, 270, 272 P.3d 908 (2012).

Default judgments are not favored in the law. Gage v. Boeing Co., 55 Wn. App. 157, 159, 776 P.2d 991 (1989). Because a default order deprives the parties of a trial on the merits, a proceeding to set aside a default judgment is equitable in character and the relief afforded "is to be administered in accordance with equitable principles and terms." White v. Holm, 73 Wn.2d 348, 351, 438 P.2d 581 (1968).

The party seeking relief under CR 60(b) bears the burden of showing relief is warranted. Fowler v. Johnson, 167 Wn. App 596, 605, 273 P.3d 1042 (2012). "Appeal from denial of a CR 60(b) motion is generally limited to the propriety of the denial." State v. Santos, 104 Wn.2d 142, 145, 702 P.2d 1179 (1985) (appeal from denial of a motion to vacate an order of paternity).

We generally review a trial court's decision on a motion for default judgment for abuse of discretion. Morin v. Burris, 160 Wn.2d 745, 754, 161 P.3d 956 (2007). A court abuses its discretion only when its decision is manifestly unreasonable or based on untenable grounds. Showalter v. Wild Oats, 124 Wn. App. 506, 510, 101 P.3d 867 (2004). However, a default judgment entered upon defective service of process is void and can be vacated at any time. Allstate Ins. Co. v. Khani, 75 Wn. App. 317, 323-24, 877 P.2d 724 (1994). "Because courts have a mandatory, nondiscretionary duty to vacate void judgments, a trial court's decision to grant or deny a CR 60(b)(5) motion to vacate a default judgment for want of jurisdiction is reviewed de novo." Ahten v. Barnes, 158 Wn. App. 343, 350, 242 P.3d 35 (2010).

B. CR 60(b)(5)[2]

AllFi argues that the default judgment should be vacated as void because Hoffman did not comply with the legal requirements for service of process on a corporation. "A default judgment against a party is void if the court did not have personal jurisdiction over that party." Delex Inc. v. Sukhoi Civil Aircraft Co., 193 Wn. App. 464, 468, 372 P.3d 797 (2016). "A court does not have personal jurisdiction over a party if service of the summons and complaint was improper." Id. "CR 60(b)(5) mandates the court vacate a void judgment upon motion of a party, irrespective of the lapse of time." Persinger v. Persinger, 188 Wn. App. 606, 609, 355 P.3d 291 (2015).

"Service of process must comply with constitutional, statutory, and court rule requirements." Walker v. Orkin, LLC, 10 Wn. App. 2d 565, 568, 448 P.3d 815 (2019). A plaintiff bears the initial burden to prove a prima facie case of sufficient service. Scanlan v. Townsend, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014). A plaintiff can establish a prima facie case by providing a declaration of a process server, regular in form and substance. State ex rel. Coughlin v. Jenkins, 102 Wn. App. 60, 65, 7 P.3d 818 (2000). Further, RCW 4.28.080(10) permits service on a foreign corporation to be made by serving "any agent, cashier or secretary thereof."

The burden then shifts to the party challenging the sufficiency of service to demonstrate by clear and convincing evidence that the service was improper. Scanlan, 181 Wn.2d at 847. "When a default judgment has been entered based upon an affidavit of service, the judgment should be set aside only upon convincing evidence that the return

---

[2] Although the trial court's order does not address service of process, as we will discuss below, the record supports an implicit finding that the default judgment was not void on this basis.

6

of service was incorrect." <u>Leen v. Demopolis</u>, 62 Wn. App. 473, 478, 815 P.2d 269 (1991). Clear and convincing evidence exists when the ultimate facts are shown to be "highly probable." <u>Dependency of G.M.W.</u>, 24 Wn. App. 2d 96, 118, 519 P.3d 272 (2022) (quoting <u>In Re Welfare of Sego</u>, 82 Wn.2d 736, 739, 513 P.2d 831 (1973)).

AllFi asserts the evidence establishes it was never properly served with the summons and complaint. AllFi points to Shreyberg's declaration and testimony stating that AllFi was no longer located at the Brooklyn address when service was attempted there and no one named Jason worked at AllFi or was authorized to accept service.

Here, the affidavit of the process server indicates that they served AllFi at the address on record for its agent for service of process on March 29, 2021 by leaving the summons and complaint with "Jason D," an individual who claimed he was "authorized to accept service for corp." The affidavit also states that the summons and complaint were mailed to the same address on April 2, 2021. This affidavit established prima facie evidence of proper service on AllFi.

But the commissioner was presented with additional evidence. The process server testified on the record at the hearing to facts to the same effect, thereby corroborating that affidavit. And, for his part, Shreyberg was unable to recall under oath exactly when AllFi vacated the premises. Thus, his testimony left some doubt as to whether there were people at the office at that time, who made the representations the process server claimed they made. Regardless, Shreyberg's testimony, without more, does not establish that service was incorrect by clear and convincing evidence or otherwise make it "highly

probable" service was not adequately completed.[3] Dependency of G.M.W., 24 Wn. App. 2d at 118. In turn, the default judgment was not void due to improper service.

C. CR 60(b)(1)

AllFi argues that the equities weigh in favor of vacating the default judgment based on CR 60(b)(1), which allows a court to grant relief for "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order." We review such motions for an abuse of discretion. Morin, 160 Wn.2d at 753

A motion to vacate under CR 60(b)(1) must be filed within a reasonable time and not more than one year from the judgment. CR 60(b)(1); Ha v. Signal Elec., Inc., 182 Wn. App. 436, 454, 332 P.3d 991 (2014). Here, the court entered the default judgment on July 1, 2021. AllFi moved to vacate on January 25, 2023. Because AllFi moved to vacate more than a year after the court entered the judgment, relief is not available on this basis. See Gates v. Homesite Ins. Co., 28 Wn. App. 2d 271, 284, 537 P.3d 1081 (2023) (trial court cannot grant CR 60(b)(1) motion to vacate filed more than a year after judgment entered); Suburban Janitorial Services v. Clarke American, 72 Wn. App. 302, 307, 863 P.2d 1377 (1993) (noting that "CR 6 specifically excludes CR 60(b)'s time provisions from enlargement by the court.").

Even if AllFi's motion to vacate was timely, relief is not warranted on this basis. A party moving to vacate a default judgment must demonstrate "(1) that there is substantial evidence supporting a prima facie defense; (2) that the failure to timely appear and

---

[3] In its motion for revision, AllFi sought to bolster Shreyberg's testimony with additional evidence that was not before the commissioner. The trial court properly refused to consider this additional evidence. See RCW 2.24.050 (limiting the superior court's review on revision to the evidence before the commissioner).

answer was due to mistake, inadvertence, surprise, or excusable neglect; (3) that the defendant acted with due diligence after notice of the default judgment; and (4) that the plaintiff will not suffer a substantial hardship if the default judgment is vacated." Little v. King, 160 Wn.2d 696, 703-04, 161 P.3d 345 (2007). The first two factors are primary and the other two are secondary. TMT Bear Creek Shopping Ctr., Inc. v. PETCO Animal Supplies, Inc., 140 Wn. App. 191, 200-01, 165 P.3d 1271 (2007). "Whether or not a default judgment should be set aside is a matter of equity." Ha, 182 Wn. App. at 449.

As to the first factor, AllFi argues that Hoffman's TCPA claims are barred by the applicable four-year statute of limitations. See Giovanniello v. ALM Media, LLC, 726 F.3d 106, 107 (2d Cir. 2013) (applying generic federal statute of limitations in 28 U.S.C. § 1658 to claims brought under the TCPA). AllFi is incorrect. Under CR 3(a), an action is commenced when a complaint is filed or a summons served. Either of these acts will toll the statute of limitations as long as the other is completed within 90 days. RCW 4.16.170. Hoffman served AllFi on March 29, 2021, less than four years after the first allegedly improper call took place on April 5, 2017. He filed the summons and complaint less than 90 days later, so this is not a meritorious defense.

AllFi also argues that it established a prima facie defense because Shreyberg denied that AllFi called Hoffman without consent. But AllFi cites no other evidence in support of this claim.[4] To establish a prima facie defense, affidavits supporting motions to vacate default judgments must set out the facts constituting a defense and cannot

---

[4] AllFi cites Clerk's Papers (CP) at 173 in support of its claim that "Shreyberg declared that AllFi did not use autodialing technology or otherwise commit the violations Respondent alleges" and "Shreyberg declared AllFi, Inc. does not engage in telemarketing." No such evidence can be found in the CPs at 173.

9

merely state allegations and conclusions. <u>Shepard Ambulance, Inc. v. Helsell, Fetterman, Martin, Todd & Hokanson</u>, 95 Wn. App. 231, 239, 974 P.2d 1275 (1999). The defendant must present "concrete facts" that support a defense. <u>Ha</u>, 182 Wn. App. at 449. AllFi did not meet this standard.

As to the second factor, AllFi argues that it did not willfully ignore the lawsuit, but was unable to appear because the COVID-19 pandemic and resulting widespread business disruptions forced it to cease business operations at the Brooklyn address in early 2021. But Shreyberg did not update AllFi's corporate address until after the February 2023 evidentiary hearing. AllFi also argues that Shreyberg reasonably believed that updating AllFi's business registration in Florida was sufficient. But Shreyberg candidly admitted that he should have updated AllFi's Brooklyn address. This oversight was not excusable. And as previously noted, the trial court properly refused to consider additional evidence regarding Shreyberg's efforts to update AllFi's corporate registration that was not presented to the commissioner.

As to the third and fourth factors, AllFi argues that it acted promptly to vacate the default judgment within days of discovering it and that vacating it will not prejudice Hoffman. These secondary factors do not tip the balance in AllFi's favor. AllFi has not shown mistake or excusable neglect entitling it to have the default judgment vacated.

D. <u>CR 60(b)(11)</u>

Finally, AllFi argues that extraordinary circumstances justify vacating the default judgment. Under CR 60(b)(11), a court may grant a party relief for "[a]ny other reason justifying relief from the operation of the judgment." "CR 60(b)(11) applications should be reserved for situations involving extraordinary circumstances not covered by any other

section of CR 60(b)." Topliff v. Chicago Ins. Co., 130 Wn. App. 301, 305, 122 P.3d 922 (2005). Moreover, those circumstances must relate to "irregularities extraneous to the action of the court or questions concerning the regularity of the court's proceedings." In re Marriage of Furrow, 115 Wn. App. 661, 674, 63 P.3d 821 (2003) (quoting In re Marriage of Yearout, 41 Wn. App. 897, 902, 707 P.2d 1367 (1985)).

AllFi argues that the COVID-19 pandemic and resulting widespread business disruptions qualify as extraordinary circumstances under CR 60(b)(11). It contends that confusion surrounding AllFi's sudden unplanned move from New York to Florida in early 2021 reasonably explains Shreyberg's failure to update AllFi's corporate registration and respond to Hoffman's allegedly improper service. But Shreyberg admitted that he should have updated AllFi's Brooklyn address. Further, excusable neglect is a factor to be considered under a CR 60(b)(1) analysis. And AllFi cannot use CR 60(b)(11) to circumvent the one-year time limit under CR 60(b)(1). Freibe v. Supancheck, 98 Wn .App. 260, 267, 992 P.2d 1014 (1999).

E. Attorney Fees

Hoffman requests an award of attorney fees on appeal. Hoffman has appeared pro se in this appeal. Attorney fees are not available on appeal to a nonlawyer, pro se litigant. In re Marriage of Brown, 159 Wn. App. 931, 938, 247 P.3d 466 (2011). Moreover, Hoffman did not "devote a section of [his] opening brief to the request for the fees or expenses" as RAP 18.1(d) requires. Although Hoffman is the prevailing party on appeal, his request for fees must be denied.

### III.    CONCLUSION

Affirmed.

Díaz, J.

WE CONCUR:

Feldman, J.                              Coburn, J.