119 P.3d 391 (2005)
MATIA INVESTMENT FUND, INC., a Washington corporation, d/b/a Norpoint Communities, Appellant,
v.
The CITY OF TACOMA, a municipal corporation, Respondent.
No. 32189-1-II.
Court of Appeals of Washington, Division 2.
September 13, 2005.
*392 Thomas F. Gallagher, Law Offices of Watson & Gallagher, Milton, WA, for Appellant.
Anne Louise Spangler, Tacoma City Attorneys Office, Tacoma, WA, for Respondent.
VAN DEREN, A.C.J.
¶ 1 Matia Investment Fund, Inc., doing business as Norpoint Communities (Matia), appeals an order vacating a default judgment it obtained against the City of Tacoma. Finding that there was an informal appearance by the City and that the City was entitled to an order vacating the default order and judgment, we affirm.

BACKGROUND FACTS
¶ 2 On April 1, 2002, the City issued a Request for Proposal (RFP) to sell a 10-acre parcel of property owned by the City's Department of Public Utilities, Water Division, doing business as Tacoma Water. Tacoma Water explained the bid process and informed interested bidders that it would form a Selection Advisory Committee (Committee) to recommend a proposal to the Public Utility Board (Board) for its approval.
¶ 3 Section 1.06.266 of the Tacoma Municipal Code (TMC) sets out the process the Board uses when deciding to reject or accept a bid. TMC § 1.06.266(D) states that the Board may reject all bids or recommend the approval of a bid to the City Council (Council). Following a public hearing, the Council has the authority to approve or reject the bid, or to remand the matter back to the Board. TMC § 1.06.266(D).
¶ 4 The Committee recommended Matia's proposal to purchase the property. The Board subsequently passed a resolution declaring the 10-acre property as surplus and authorizing Matia's purchase. Tacoma Water and Matia entered into a purchase and sale agreement on August 2, 2002. The agreement included the condition that the sale of the property was subject to final approval by the Board and the Council.
¶ 5 When the property purchase came before the Council, it invalidated the entire bidding and selection process.[1] The Council then adopted Substitute Resolution No. *393 35649, in which the City directed Tacoma Water staff to revise and readvertise its RFP.
¶ 6 On February 18, 2003, Matia filed a claim with the City, claiming damages of $108,758.95, to reimburse it for expenditures it incurred in preparing its bid for the property. On April 4, 2003, Mark Bubenik, Assistant City Attorney for Public Utilities, sent a written denial of the claim to Matia's attorney detailing the reasons for the denial.
¶ 7 On June 5, 2003, Matia served a summons and complaint on the Tacoma City clerk's office. Then on June 26, without notifying the City, Matia filed an ex parte motion and affidavit claiming the $108,758.95 as damages and obtained an order of default and a default judgment against the City for the entire sum.
¶ 8 The clerk's office never forwarded the summons and complaint to the City attorney's office. Matia did not notify either the City attorney's office or any other City staff of the default judgment, nor did Matia make an attempt to collect the judgment until June 29, 2004, which was one year and three days after the entry of the default judgment. At that time, Matia requested a meeting with the water division superintendent and the City attorney staff and informed the City of the default judgment.
¶ 9 The City filed a motion to vacate the default judgment on July 7, 2004. It attached three declarations from City employees explaining the City's long-standing procedures for documenting and handling incoming litigation. The superior court heard the motion on July 30, and, without stating a basis for its ruling, granted the City's motion to vacate the default order and judgment. Matia filed this timely appeal.

I. CR 55 AND INFORMAL APPEARANCE
¶ 10 The City asserts that it entered an informal appearance when it sent a letter responding to Matia's claim for expenses and explaining why Matia's claim was improper.[2] The City maintains that because it informally appeared, it was entitled to notice of Matia's motion for default under CR 55(a)(3). We agree.
¶ 11 Informal appearance is a factual question the trial court answers by reviewing the parties' submitted evidence. Smith v. Arnold, 127 Wash.App. 98, 105, 110 P.3d 257 (2005). Where a trial court finds that a party has informally appeared, that finding must be supported by evidence of actions manifesting "an unquestionable intent to appear and defend the matter in court." Arnold, 127 Wash.App. at 105, 110 P.3d 257.
¶ 12 Civil Rule 55(c)(1) states: "For good cause shown and upon such terms as the court deems just, the court may set aside an entry of default, and, if a judgment by default has been entered, may likewise set it aside in accordance with rule 60(b)." A party who appears before an opposing party files a motion for default is entitled to notice of the motion for default. CR 55(a)(3).
¶ 13 As a matter of law, a defendant who appears in an action but is not given notice of a plaintiff's intention to seek an order of default is entitled to have the order vacated. CR 55(a)(3); Tiffin v. Hendricks, 44 Wash.2d 837, 847, 271 P.2d 683 (1954); Arnold, 127 Wash.App. at 105, 110 P.3d 257. A default judgment entered without notice to an appearing party is void, and we need not consider the passage of time or whether a meritorious defense exists. Colacurcio v. Burger, 110 Wash.App. 488, 497-98, 41 P.3d 506 (2002), review denied, 148 Wash.2d 1003, 60 P.3d 1211 (2003); Allstate Ins. Co. v. Khani, 75 Wash.App. 317, 323-25, 877 P.2d 724 (1994).
¶ 14 RCW 4.28.210 provides that a party "appears" in an action at the time the party "answers, demurs, makes any application for an order therein, or gives the plaintiff written notice of his appearance." The *394 methods outlined in RCW 4.28.210 are not exclusive and courts may view other informal acts as an appearance. Skilcraft Fiberglass, Inc. v. Boeing Co., 72 Wash.App. 40, 45, 863 P.2d 573 (1993). Whether a party has appeared informally is generally a question of intent. Skilcraft, 72 Wash.App. at 45-46, 863 P.2d 573 (quoting Gage v. Boeing Co., 55 Wash.App. 157, 161, 776 P.2d 991 (1989)).
¶ 15 In Arnold, we held that whether a party has appeared for the purpose of invoking the right to notice of a default judgment was a question of fact the court should narrowly construe. 127 Wash.App. at 107, 110 P.3d 257. We explained that by "adhering to a narrow meaning of `appearance,' we recognize that controversies should be determined on the merits rather than by default orders and judgments." Arnold, 127 Wash.App. at 108, 110 P.3d 257. But we further acknowledged:
Whether a party has or has not appeared is a question of fact the trial court must resolve based on the evidence presented. . . . [A] trial court's finding that a party has appeared informally must also be supported by evidence of actions manifesting an unquestionable intent to appear and defend the matter in court.
. . . .
. . . Where a party fails to file a notice of appearance or in some way submit to the trial court's jurisdiction, any finding of an appearance must rest on substantial actions that could leave no reasonable doubt about whether the party intended to defend the matter. . . .
. . . .
. . . We acknowledge that in certain situations, the defendants' actions may be so unambiguous as to leave the plaintiff with only one reasonable conclusion: that the defendant has every intention to submit to the trial court's jurisdiction and vigorously defend the matter.
Arnold, 127 Wash.App. at 105-06, 109-10, 110 P.3d 257.
¶ 16 Although the City's contact with Matia occurred before Matia filed its lawsuit, the City attorney for the Board unequivocally rejected both Matia's claim and the basis for making a claim against the City:
On behalf of the City, we are denying Norpoint Communities' claim for damages. The reason the City is denying the claim for damages is that Norpoint Communities, [sic] was placed on notice in the City's request for proposal that the proposed sale must be approved both by the Public Utility Board and City Council. In addition, the purchase and sale agreement which was negotiated with your client also provided that the proposed sale was subject to being approved by both the Public Utility Board and City Council. . . .
Your client is a sophisticated real estate developer. Therefore, one would presume that your client is fully aware when a municipal entity proceeds through the decision making process on whether to approve a real estate sale, the approving body has substantial discretion on whether to approve the sale as being in the best interest of the municipality. Just because a bidder's proposal was recommended by a review committee and approved by the Public Utility Board, does not take away the discretion of the City Council to deny the proposed sale for any reason.
Therefore, the claim of Matia Investment Fund, Inc. d.b.a. Norpoint Communities is denied.
Clerk's Papers at 45-46.
¶ 17 This letter provided the City attorney's name, address, and telephone number, and it explained his legal reasons for denying the claim against the City. After receiving this letter, Matia knew the identity of the City's counsel, knew that the City had asserted a defense to Matia's claim, and knew where notice of a default motion should be sent.
¶ 18 The circumstances here are similar to those in Gage. There, the employer participated in and defended an action before the Board of Industrial Insurance Appeals. The employee subsequently sued and obtained a default judgment against the employer. Gage, 55 Wash.App. at 158, 776 P.2d 991. Division One held that the employer's appearance in the administrative action precluded a default against the employer in the *395 subsequent superior court action. Gage, 55 Wash.App. at 162, 776 P.2d 991.
¶ 19 The claims statute, RCW 4.96.020, which requires that a claim first be administratively determined by a local governmental entity, serves a similar purpose as the required administrative procedures preceding an injured employee's lawsuit. Both provide an opportunity for the parties to resolve their claims without resort to the courts and both require exhaustion of the administrative process.
¶ 20 Here, as in Gage, the City attorney's appearance under the claims statute clearly indicated the City's intent to defend against Matia's claim in subsequent proceedings. The City's actions were so unambiguous as to leave Matia with only one reasonable conclusion: that the City manifested "an unquestionable intent to appear and defend the matter in court." Arnold, 127 Wash.App. at 105, 110 P.3d 257. Thus, we hold that Matia could not in good faith assert that it assumed that the City did not intend to defend against Matia's later-filed lawsuit.
¶ 21 The dissent suggests that "[i]t defies logic to say that a denial is an informal appearance, otherwise all denials coupled with some reason act as an informal appearance without using terms that specifically demonstrate affirmatively that the party will defend." Dissent at 3. But our decision here does not mandate this result. Each case involving an informal appearance must be judged on its own facts in light of the purpose behind the rule and the policy of resolving cases on their merits. Griggs v. Averbeck Realty, Inc., 92 Wash.2d 576, 581, 599 P.2d 1289 (1979) (quoting Dlouhy v. Dlouhy, 55 Wash.2d 718, 721, 349 P.2d 1073 (1960)). As Division One stated in Colacurcio:
While some actions may be insufficient as a matter of law to constitute an appearance, the question of whether actions are sufficient to constitute an informal appearance will generally be a question of fact to be determined by the trial court. In reviewing such a determination, we will not substitute our judgment for that of the trial court.
110 Wash.App. at 497, 41 P.3d 506.
¶ 22 Because substantial evidence supports the trial court's conclusion that the City entered an informal appearance and was entitled to notice of the default motion, we affirm the trial court's vacation of the default judgment as a matter of right and do not reach the question of whether vacation was proper under CR 60(b)(4), (5), or (11).
¶ 23 Affirmed.
I concur: HUNT, J.
BRIDGEWATER, J. (dissenting).
¶ 24 Matia Investment Fund, Inc. appeals an order vacating a default judgment it obtained against the city of Tacoma (City). The majority holds that the City made an informal appearance, thus the court did not err in vacating the default by Matia. I respectfully disagree. I would hold that there was not an informal appearance by the City. The majority does not address CR 60(b); but because a judgment was entered, CR 60(b) must provide the basis for vacation. And none of the basis for vacating judgments under CR 60(b) cited by the City are applicable: I would reverse the order vacating the default judgment.

I. Standard of Review
¶ 25 Civil Rule 55(c) provides for the "Setting Aside Default." It states as follows:
(1) Generally. For good cause shown and upon such terms as the court deems just, the court may set aside an entry of default, and, if a judgment by default has been entered, may likewise set it aside in accordance with rule 60(b).
CR 55(c) (emphasis added). Civil Rule 60 provides the grounds and procedures to use in vacating a judgment. Ellison v. Process Sys. Inc. Constr. Co., 112 Wash.App. 636, 641, 50 P.3d 658 (2002). We review a trial court's decision to vacate a judgment under CR 60 for an abuse of discretion. Hwang v. McMahill, 103 Wash.App. 945, 949, 15 P.3d 172 (2000), review denied, 144 Wash.2d 1011, 31 P.3d 1185 (2001). A trial court abuses its discretion when it exercises it on untenable grounds or for untenable reasons. Prest v. Am. Bankers Life Assurance Co., 79 Wash.App. 93, 97, 900 P.2d 595 (1995), review *396 denied, 129 Wash.2d 1007, 917 P.2d 129 (1996). Abuse of discretion is less likely to be found if the default judgment is set aside. White v. Holm, 73 Wash.2d 348, 351-52, 438 P.2d 581 (1968).

II. Informal Appearance
¶ 26 The City claims that it made an informal notice of appearance and was entitled to notice of the motion for default under CR 55(a)(3) because it sent a letter denying the claim for damages months before Matia commenced their lawsuit. I would hold that the claim fails.
¶ 27 If a party has appeared before an opposing party files a motion for default, then the party is entitled to notice of the motion for default. CR 55(a)(3). RCW 4.28.210 provides that a party "appears" in an action at the time the party "answers, demurs, makes any application for an order therein, or gives the plaintiff written notice of his appearance." The methods outlined in RCW 4.28.210 are not exclusive and courts may view other informal acts as an appearance. Skilcraft Fiberglass, Inc. v. Boeing Co., 72 Wash.App. 40, 45, 863 P.2d 573 (1993). Whether a party has appeared informally is generally a question of intent. Skilcraft, 72 Wash.App. at 45-46, 863 P.2d 573. Where a trial court finds that a party has informally appeared, that finding must be supported by evidence of actions that manifest "an unquestionable intent to appear and defend the matter in court." Smith v. Arnold, 127 Wash.App. 98, 105, 110 P.3d 257 (2005).
¶ 28 Where a plaintiff fails to notify a defendant who had appeared in an action of the plaintiff's intent to seek an order of default judgment, the defendant is entitled to have a court vacate the order of default. CR 55(a)(3). This court reviews the trial court's order for an abuse of discretion where a defendant seeks relief under CR 60 or where the defendant moved to have the default order vacated under CR 55(c) for good cause. Scanlon v. Witrak, 110 Wash.App. 682, 686, 42 P.3d 447, review denied, 147 Wash.2d 1024, 60 P.3d 92 (2002). Whether a party has appeared and is thus subject to notice of a motion for a default order, is a question of fact the court reviews for substantial evidence. Arnold, 127 Wash.App. at 105, 110 P.3d 257. If a party has failed to file a notice of appearance or in some other way submitted to the trial court's jurisdiction, "any finding of an appearance must rest on substantial actions that could leave no reasonable doubt about whether the party intended to defend the matter." Arnold, 127 Wash.App. at 106, 110 P.3d 257.
¶ 29 In Arnold, we disagreed with the broad definition of a party's appearance in a yet-to-be commenced lawsuit found in Ellison, 112 Wash.App. at 643-44, 50 P.3d 658. Instead, we held that whether a party has appeared for the purpose of invoking the right to notice of a default judgment was a question of fact the court should narrowly construe. Arnold, 127 Wash.App. at 107, 110 P.3d 257. We further stated that by "adhering to a narrow meaning of `appearance,' we recognize that controversies should be determined on the merits rather than by default orders and judgments." Arnold, 127 Wash.App. at 108, 110 P.3d 257. But, a trial court still retains authority to set aside a default order under CR 55 where the party has demonstrated good cause by a showing of excusable neglect and due diligence.
¶ 30 Applying the Arnold holding to the present case finds that the city of Tacoma did not informally appear. All of the City's contact with Matia Investment came before the commencement of a lawsuit. And all the City did was to deny the claim. It defies logic to say that a denial is an informal appearance, otherwise all denials coupled with some reason act as an informal appearance without using terms that specifically demonstrate affirmatively that the party will defend. The City's letter does not express an unambiguous intention to defend a lawsuit filed upon the claim. This language is simple to insert, but was omitted. There was not sufficient evidence to support the trial court's finding of an informal appearance. Thus, the city of Tacoma did not informally appear under Arnold and the trial court erred in setting aside the judgment unless the City can properly rely on one of the remedies from CR 60(b).

*397 III. Application of the Civil Rules
¶ 31 Matia contends the trial court erred by applying certain civil rules to vacate the default judgment. Because the City filed its motion to vacate over a year after the order for default judgment, the trial court could not set aside the order under CR 60(b)(1), which normally would have provided a basis for the City's "mistake[]" or "excusable neglect." The City claims that the application of CR 60 was appropriate concerning three provisions, 60(b)(4), (5), and (11) not subject to the one-year time limitation. The majority fails to address CR 60(b); but CR 55(c)(i) clearly addresses the circumstance of setting aside a default judgment only by employing CR 60(b). No provision of CR 60(b) provides relief for the City.

A. Misconduct  CR 60(b)(4)
¶ 32 The court may relieve a party from a final judgment, order, or other proceeding where the court finds fraud, misrepresentation, or other misconduct by an adverse party. CR 60(b)(4). In this case, Matia did not obtain the default judgment through any of the prohibited means.
¶ 33 The city of Tacoma's letter to Matia denying its claim provided sufficient information to Matia regarding who to contact if it had further questions. Matia moved for a default judgment exactly 21 days after the service of process on the city clerk's office. Moreover, after Matia secured the judgment, it waited to enforce the judgment for a year and three days after the date it obtained the judgment. Objectively, Matia filed a claim as required under RCW 4.96.010; the City denied the claim; Matia filed a lawsuit two months after the denial; the City was served with the summons and complaint; after 20 days when no answer or notice of appearance was received a motion for default was filed. Default judgment was entered on June 26, 2003, and the City filed a motion to vacate on July 7, 2004. The summons and complaint were in the city clerk's office since June 4, 2003, but had not been transmitted to the city attorney. Thus, more than one year after the default had been taken, the City moved to set the judgment aside. It is upon these facts that the City claims misconduct.
¶ 34 In considering whether to vacate a default judgment, the court determines whether justice is being done and the court grants or denies relief based on equitable principles. Hwang, 103 Wash.App. at 950, 15 P.3d 172.
¶ 35 The City relies upon Suburban Janitorial Servs. v. Clarke American, 72 Wash.App. 302, 311, 863 P.2d 1377 (1993), review denied, 124 Wash.2d 1006, 877 P.2d 1288 (1994), for its proposition that silence of opposing counsel was the equivalent of misrepresentation. In Suburban, the court vacated a default judgment under CR 60(b)(4) 17 months after the entry of the judgment based on the "knowing silence" of a party's counsel. Suburban, 72 Wash.App. at 311, 863 P.2d 1377 (quoting Cavalliotis v. Salomon, 357 F.2d 157 (2d Cir.1966)). Suburban served a summons and complaint on Clarke on May 28, 1991. Clarke failed to respond within 20 days of service. Suburban then filed a complaint and obtained a default judgment on June 19, 1991. Suburban, 72 Wash.App. at 304, 863 P.2d 1377.
¶ 36 But, between the service and the answer deadline, Clarke's attorney drafted a notice of appearance, answer, and cover letter and sent the items to Clarke for approval. Clarke's attorney forwarded the materials to Suburban after the entry of the default judgment. In his cover letter, Clarke's attorney requested that Suburban tell him of its intentions. Clarke's attorney received no answer from Suburban. Clarke's attorney sent a second letter to Suburban two months later asking Suburban if he should presume it had dropped its claim against Clarke. Again, Clarke received no response. Clarke did not receive actual notice of the default judgment until 17 months after the court had entered it. Clarke immediately moved to vacate the judgment. Suburban, 72 Wash.App. at 304, 863 P.2d 1377.
¶ 37 The court found that Suburban deliberately failed to answer Clarke's letters, hoping that the silence would make Clarke think the matter had ended. The court ruled that its holding was strictly limited to the facts of the case. Suburban, 72 Wash.App. at 310, 863 P.2d 1377. It held that Suburban's counsel's *398 silence justified relief under CR 60(b)(4). Suburban, 72 Wash.App. at 311, 863 P.2d 1377.
¶ 38 Suburban is distinctly different from the instant case. There is noting in the record to support misconduct or fraud on the part of Matia or its counsel. Matia properly made its claim, filed its lawsuit, served the City at the appropriate office, and waited for a response which never came until a year had elapsed. There is no fraud or misconduct in waiting over one year to begin collecting on a judgment. Friebe v. Supancheck, 98 Wash.App. 260, 267, 992 P.2d 1014 (1999). Matia's conduct was not fraud, misconduct, or misrepresentation that is contemplated under CR 60(b)(4).

B. Void Judgments 60(b)(5)
¶ 39 Under CR 60(b)(5), a court may vacate a void judgment at any time. CR 60(b)(5) states in pertinent part:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reason[ ]:
. . . .
(5) The judgment is void.
A judgment is void if entered without personal jurisdiction, subject matter jurisdiction, or if entered by a court which lacks the inherent power to enter the particular order involved. In re Marriage of Ortiz, 108 Wash.2d 643, 649, 740 P.2d 843 (1987) (citing Dike v. Dike, 75 Wash.2d 1, 7, 448 P.2d 490 (1968) (quoting with approval from Robertson v. Commonwealth, 181 Va. 520, 536, 25 S.E.2d 352 (1943))). See also Bour v. Johnson, 80 Wash.App. 643, 910 P.2d 548 (1996); State ex rel. Turner v. Briggs, 94 Wash.App. 299, 971 P.2d 581 (1999); Summers v. Dep't of Revenue, 104 Wash.App. 87, 14 P.3d 902, review denied, 144 Wash.2d 1004, 29 P.3d 718 (2001).
¶ 40 The rationale of the City for the application of CR 60(b)(5) rests on the reasons it previously expressed for the application of misconduct under CR 60(b)(4). These are not identical to the basis on which relief can be granted under CR 60(b)(5) as I explained above. Also, a meritorious defense is not a basis under CR 60(b)(5). Clearly, the superior court had jurisdiction over the parties and the subject matter and it had the authority to enter the particular order and judgment. There is no basis under CR 60(b)(5) to grant the City relief.

C. Other Reasons  CR 60(b)(11)
¶ 41 CR 60(b)(11) states a court may grant relief of a judgment for "[a]ny other reason justifying relief from the operation of the judgment." That rule is not applicable to the present case.
¶ 42 First, it should be noted that it is not clear whether the trial court relied on CR 60(b)(11) when it vacated the default judgment. There is no mention of the rule in the court's order granting the motion to vacate default judgment. Nor did the court mention the rule in its oral ruling. The city of Tacoma argued in its motion to vacate default judgment that Matia's actions constituted manifest injustice and bad faith and that the court should vacate the judgment under CR 60(b)(11). But the law does not support its argument.
¶ 43 Despite the broad language of CR 60(b)(11), the court should only use the rule in a situation involving extraordinary circumstances that are not covered by any other section of CR 60(b). In re Marriage of Yearout v. Yearout, 41 Wash.App. 897, 902, 707 P.2d 1367 (1985). Those circumstances must relate to "irregularities extraneous to the action of the court or questions concerning the regularity of the court's proceedings." Yearout, 41 Wash.App. at 902, 707 P.2d 1367. Here, no such irregularity existed. Nor do we find any extraordinary circumstances in this case. I reiterate the holding in Friebe:
[The] . . . failure to appear may be attributed only to mistake, inadvertence, or excusable neglect under CR 60(b)(1), and relief under that section is precluded due to the one-year time limit. CR 60(b)(11) may not be used to circumvent the time limit imposed in CR 60(b)(1).
Friebe, 98 Wash.App. at 267, 992 P.2d 1014.
¶ 44 Therefore, CR 60(b)(11) does not provide a basis for granting relief to the City. *399 That rule is not applicable to the present case.
¶ 45 Thus, I would hold that there is no basis under CR 60 upon which the City may obtain relief. The trial court's order granting the motion to vacate Matia's judgment should be reversed, and the court should be instructed to reinstate the prior judgment.
NOTES
[1] City Charter section 9.1 requires that the Council approve any sale or other disposition of real property owned by the City.
[2] RCW 4.96.020(4) states:

No action shall be commenced against any local governmental entity for damages arising out of tortious conduct until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty-day period.