IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CAPITAL ONE BANK (USA), N.A., | ) | |
| | ) | No. 31216-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHARMON WALLACE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, C.J. — Charmon Wallace appeals the trial court's refusal to set aside a default judgment entered in a collection action by Capital One Bank (USA), N.A. We find no error or abuse of discretion and affirm.

PROCEDURAL BACKGROUND

Capital One commenced this action to recover $4,439.74 in unpaid credit card debt in May 2010 by personally serving Charmon Wallace with copies of the summons and complaint.

Six months later, and not having seen any answer or appearance from Ms. Wallace, the bank filed its summons and complaint in Spokane County Superior Court and moved for an order of default and judgment. Its motion was supported by the affidavit of one of its litigation support representatives, who testified to her familiarity

with its business books and records and recounted information about Ms. Wallace's account, breach in payment, and balance owed. The bank did not serve Ms. Wallace with notice of its motion.

The trial court granted the motion and on November 16, 2010 entered the bank's proposed judgment for $5,247.70, which included costs and prejudgment interest. The bank claims that its lawyer mailed a copy of the judgment to Ms. Wallace.

In aid of collection, the bank moved for and obtained an order requiring Ms. Wallace to appear in March 2011 to be examined as to her assets. The order was served; Ms. Wallace appeared; and in the course of that supplemental proceeding she and the bank's lawyer discussed a possible settlement, which the bank approved thereafter. The only written memorialization of the settlement is an April 6, 2011 letter from the lawyer to Ms. Wallace referencing the title and cause number of the collection action and "confirm[ing] that my client is willing to settle the above referenced matter" for $3,500, to be paid in a lump sum or in $250 a month installments commencing May 1, 2011. Clerk's Papers (CP) at 172. The bank did not treat the executory settlement understanding as satisfying its judgment, and its lawyer's letter to Ms. Wallace stated that "[f]ailure to adhere to the terms of this settlement agreement may result in other collection activity." *Id.*

Ms. Wallace made four $250 payments in May, June, July, and August 2011. She failed to make the payment due in September 2011 and the bank reportedly sent a

2

payment reminder letter to which Ms. Wallace did not reply. She made only a partial payment of $100 in October 2011. She made one further payment, of $1,000, in February 2012.

When no more payments were forthcoming, the bank applied for and in April 2012 obtained a writ of garnishment against Ms. Wallace's bank account for the $3,940.82 remaining owed on the judgment. In proceedings taking place in May and June, the trial court resolved a dispute over an exemption claimed by Ms. Wallace (who was now represented by counsel) culminating in a reduced garnishment order, a release of some garnished funds to Capital One, and a judgment and order that Ms. Wallace pay a remaining nonexempt amount of $2,639.56.

It was not until July 2012, more than a year and a half after entry of the default judgment, that Ms. Wallace filed a motion for an order vacating the default. In support of the motion, Ms. Wallace submitted to the court for the first time an unsigned letter which she testified was a duplicate of a letter she had signed and sent to the bank's lawyers in June 2010, shortly after being served with the summons and complaint. The letter stated:

> I received your summons and am responding. I have made attempts on this debt with Capitol One. I dispute the charges applied to the account as I do not feel they are just. I did so in writing and per phone conversations with Capitol One and then again with the collection agency. The account balance, fees and interest applied to this account are unjust. I am sending you a copy of letter to Capitol One and to United recovery along with statements send by them.
> I believe I do owe this debt but at the time when I got behind I had some family issues that changed my circumstances and was not able to

make the appropriate payment. I was promised the fees would stop and when they did not I just gave up. I am not trying to run away from my responsibility only trying to negotiate the charges.

CP at 129 (errors in original).

In accordance with CR 60(e), Ms. Wallace obtained an ex parte order to show cause that required the bank "to appear before the court on the 17th day of August" to show cause why the judgment should not be vacated. CP at 158-59. Lawyers for the bank later objected that because Ms. Wallace did not provide them with courtesy copies of the motion and supporting materials she served on the bank's registered agent, they did not learn of the August 17 hearing until August 13. They filed materials in opposition to the motion on August 14, which included affidavits denying that its lawyers had ever received Ms. Wallace's ostensible June 30, 2010 letter. Ms. Wallace filed a reply on August 15, and the bank filed a surreply on August 16.

The hearing proceeded as scheduled. The court refused to consider the surreply and summarily denied a motion by Ms. Wallace to strike the bank's opposition materials as late-filed. After hearing argument of counsel, the court denied Ms. Wallace's request for relief from the default judgment. In written orders later presented to and entered by the court, it found that Ms. Wallace "was not entitled to notice of entry of the Judgment," and that she "was on notice that the Judgment had been entered for more than one year before bringing this Motion as evidenced by the parties' agreement and [her] partial performance of said agreement." CP at 247-48.

4

Ms. Wallace appeals.

## ANALYSIS

### *I. General Principles Applicable To Relief From Default*

The rules for superior court ordinarily require a defendant in a civil action to serve her answer within 20 days of being served with a summons and complaint. CR 4(a)(2), 12(a)(1). They provide that if a notice of appearance is made, it shall be in writing, signed by the defendant or his lawyer, and served upon the person whose name is signed on the summons. CR 4(a)(3). When a defendant has failed to appear, plead, or otherwise defend as provided by the rules, a plaintiff may move for default. CR 55(a)(1).

In order to obtain a judgment by default, CR 55(a)(3) requires the plaintiff to serve "[a]ny party who has appeared in the action for any purpose" with a written notice of the motion for default at least five days before the hearing on the motion. It explicitly provides that "[a]ny party who has not appeared before [a] motion for default and supporting affidavit are filed is not entitled to a notice of the motion" except in the case of actions in which default is sought more than one year after commencement, as provided by CR 55(f)(2)(A). CR 55(a)(3). RCW 4.28.210 more generally provides that a defendant who has appeared—and *only* a defendant who has appeared—is entitled to notice of all subsequent proceedings.[1]

---

[1] RCW 4.28.210 provides:
A defendant appears in an action when he or she answers, demurs, makes

Once default has been entered, the civil rules provide that "[f]or good cause shown and upon such terms as the court deems just, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with rule 60(b)." CR 55(c)(1). CR 60(b) authorizes the superior court to relieve a party from a final judgment or order for a number of reasons provided by the rule. Any such motion must be made within a reasonable time and, depending upon the basis for requesting relief, may be required to be brought within a year after the judgment or order was entered. CR 60(b).

A defendant may have a default judgment set aside on any of the grounds provided by CR 60(b). A common basis for seeking relief from a default judgment is that the defendant *did* appear, was entitled to notice of a default judgment hearing, and yet did not receive it. A party that has appeared in an action but is not served with notice of a motion for default is entitled to have a default judgment set aside "as a matter of right," and the court "has no discretion to exercise on the question of whether the judgment should be set aside." *Tiffin v. Hendricks*, 44 Wn.2d 837, 847, 271 P.2d 683 (1954). Relief from a

---

any application for an order therein, or gives the plaintiff written notice of his or her appearance. After appearance a defendant is entitled to notice of all subsequent proceedings; but when a defendant has not appeared, service of notice or papers in the ordinary proceedings in an action need not be made upon him or her.

We quote the current version of this statute since the Laws of 2011, chapter 336, section 102 amendments made the language gender neutral.

default judgment is also available where a defendant seeking to set aside a default

judgment demonstrates substantial compliance with the requirements for an appearance.

*Morin v. Burris*, 160 Wn.2d 745, 749, 755, 161 P.3d 956 (2007).

A second common basis for seeking relief is mistake, inadvertence, surprise, or

excusable neglect under CR 60(b)(1). The showing required to support exercise of the

court's discretion for those reasons is well settled, consisting of four factors identified

almost a half a century ago in *White v. Holm*, 73 Wn.2d 348, 352, 438 P.2d 581 (1968)

(citing *Hull v. Vining*, 17 Wash. 352, 49 P. 537 (1897)):

> These factors are: (1) That there is substantial evidence extant to support, at
> least prima facie, a defense to the claim asserted by the opposing party; (2)
> that the moving party's failure to timely appear in the action, and answer
> the opponent's claim, was occasioned by mistake, inadvertence, surprise or
> excusable neglect; (3) that the moving party acted with due diligence after
> notice of entry of the default judgment; and (4) that no substantial hardship
> will result to the opposing party.

If the defaulting party "demonstrate[s] a strong or virtually conclusive defense to the

opponent's claim, scant time will be spent inquiring into the reasons which occasioned

entry of the default," so long as the motion is timely and the failure to appear was not

willful. *Id.* If only a prima facie defense is shown, the remaining factors will be more

heavily scrutinized. *Id.* at 352-53.

Additional rationales supporting relief are if the plaintiff has done something that

would render enforcing the judgment inequitable, *see Morin*, 160 Wn.2d at 755 (citing

*State ex rel. Trickel v. Superior Court*, 52 Wash. 13, 100 P. 155 (1909); CR 60(b)(4)

(which allows a default to be set aside based on fraud, misrepresentation, or misconduct by an adverse party)), or if there has been an irregularity in the proceedings leading to entry of the judgment. *Mosbrucker v. Greenfield Implement, Inc.*, 54 Wn. App. 647, 652, 774 P.2d 1267 (1989).

We review a trial court's decision on a motion for default judgment for abuse of discretion. *Yeck v. Dep't of Labor & Indus.*, 27 Wn.2d 92, 95, 176 P.2d 359 (1947). A trial court's decision whether to vacate a default judgment will only be overturned on review "if it plainly appears that it has abused that discretion." *Haller v. Wallis*, 89 Wn.2d 539, 543, 573 P.2d 1302 (1978). In deciding whether to grant a motion to vacate a default judgment, "[t]he trial court must balance the requirement that each party follow procedural rules with a party's interest in a trial on the merits." *Showalter v. Wild Oats*, 124 Wn. App. 506, 510, 101 P.3d 867 (2004). Courts "prefer to give parties their day in court and have controversies determined on their merits." *Morin*, 160 Wn.2d at 754. Abuse of discretion is therefore less likely to be found if the default judgment is set aside. *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 582, 599 P.2d 1289 (1979). Nonetheless, courts also "value an organized, responsive, and responsible judicial system where litigants acknowledge the jurisdiction of the court to decide their cases and comply with court rules." *Little v. King*, 160 Wn.2d 696, 703, 161 P.3d 345 (2007).

No. 31216-0-III
*Capital One Bank v. Wallace*

## II. *Ms. Wallace's Assignments of Error*

In this case, Ms. Wallace contends that the trial court "erred" in denying her motion to set aside the default for six reasons. Two overlap and three are insufficiently explained or argued to warrant review.[2] RAP 10.3(a)(6) requires that an appellant state "[t]he argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." Where an appellant fails to comply with the rule by providing only passing treatment and inadequate argument of issues, we will not review them. *State v. Thomas*, 150 Wn.2d 821, 868-69, 83 P.3d 970 (2004).

---

[2] Ms. Wallace does not address her fourth, fifth, or sixth assignments of error in the argument portion of her brief. With respect to each, we are unable to determine a legal basis on which the alleged error would entitle her to the relief she seeks on appeal. Her fourth and fifth assignments of error are related; she complains that Capital One agreed to vacate the default judgment and that the trial court should have enforced the settlement. She appears to be relying on disputed contentions about the parties' settlement understanding reached some five months after the default judgment was entered. She fails to explain how those postjudgment developments could possibly bear on her right to relief from the November 2010 judgment, which was the only relief she requested in the trial court. Her sixth assignment of error complains that the trial court considered allegedly late-filed opposition materials from Capital One and refused to strike an affidavit containing conclusory hearsay. She provides no argument why the filing deadlines set forth in Spokane County LCR 40(b)(10) apply to CR 60(e)'s show cause procedure; provides no authority for the remedy of striking the opposition materials, since the local rule provides only for striking the hearing; and fails to address the trial court's discretion whether to observe local rules. *State v. Ralph Williams' Nw. Chrysler Plymouth, Inc.*, 87 Wn.2d 327, 334 n.2, 553 P.2d 442 (1976); *Woodhead v. Discount Waterbeds, Inc.*, 78 Wn. App. 125, 896 P.2d 66 (1995). Her complaint about conclusory hearsay in an affidavit is mentioned only in the assignment of error; the words "conclusory" and "hearsay" appear nowhere else in her brief.

The alleged errors Ms. Wallace identifies that we will consider are that (1) she had appeared, by letter, and was entitled to but did not receive notice of the motion for default (assignments of error 1 and 3), and (2) the bank did not support the judgment amount in the manner required by local rules (assignment of error 2). We address them in turn.

A. *Ms. Wallace's alleged June 30 letter as an appearance*

Ms. Wallace contends that the letter she claims to have sent on June 30, 2010 constituted an appearance yet the bank failed to give her notice when it moved for default thereafter. "A trial court has no authority to enter a default judgment against a party who has appeared but did not receive proper notice." *Rosander v. Nightrunners Transport, Ltd.*, 147 Wn. App. 392, 399, 196 P.3d 711 (2008). If the facts that are claimed to amount to an appearance are undisputed, we review de novo whether an appearance is established. *Meade v. Nelson*, 174 Wn. App. 740, 750, 300 P.3d 828, *review denied*, 178 Wn.2d 1025 (2013). Where there is a dispute over the facts alleged to constitute the defendant's appearance, we review the trial court's findings as to the material facts for substantial evidence. *State v. Hill*, 123 Wn.2d 641, 647, 870 P.2d 313 (1994).

Here, the trial court entered no findings on the disputed issues of whether Ms. Wallace sent or the bank's lawyers received the ostensible June 2010 letter. It made only ultimate findings that "Plaintiff's Default Judgment against the Defendant was properly entered," because "Defendant was not entitled to notice of entry of the Judgment." CP at 247. We know from these findings that the trial court believed either (1) that the letter

10

was not sent or received or (2) that the letter was insufficient to constitute an appearance even if sent and received. We do not know which.[3] Still, we are able to affirm the trial court's order refusing to vacate the default because the June 2010 letter is insufficient to constitute an appearance even if it was sent and received.

RCW 4.28.210—which governs formal appearances—provides that a defendant "appears" in an action when he or she "answers, demurs, makes any application for an order therein, or gives the plaintiff written notice of his or her appearance." Yet a party need not formally appear in order to be entitled to notice of a motion for default under CR 55. *See, e.g., Rosander*, 147 Wn. App. at 399. CR 4(a)(3) provides that a notice of appearance must be in writing, signed by the defendant or the defendant's attorney, and "be served upon the person whose name is signed on the summons."

For a defendant's alleged informal appearance to require notice of any motion for default under CR 55(a)(1) it must amount to conduct that "was designed to and, in fact,

---

[3] The court stated during the hearing on the motion to vacate the default that

> I look at one important bit of evidence that was submitted by the defendant here; her letter of June 30th. "I received your summons and am responding." Further down here it says, "I do believe I owe this debt, but at the time when I got behind, I had some family issues. I am not trying to run away from my responsibility. I am trying to negotiate the charges."
> Clearly, she knew that she was being sued on the debt. That is beyond dispute.

Report of Proceedings (Aug. 17, 2012) at 19. It is unclear whether this reflects a finding by the trial court that Ms. Wallace sent the letter or reflects its finding that even if she did send the letter, it is not helpful to her request for relief.

11

did apprise the plaintiffs of the defendants' intent to litigate the [case]." *Morin*, 160 Wn.2d at 755. Moreover, it must include conduct occurring after the lawsuit is commenced. *Id.* "[M]ere intent to defend, whether shown before or after a case is filed, is not enough; the defendant must go beyond merely acknowledging that a *dispute* exists and instead acknowledge that a dispute exists *in court.*" *Id.* at 756.

In *Morin*, the Washington Supreme Court decided three consolidated cases in which relief from default turned on whether a defendant's conduct amounted to an informal appearance triggering a duty to provide notice under CR 55(a)(1). The *Morin* court recognized that under the substantial compliance doctrine, substantial compliance with the appearance requirement would make some informal appearances sufficient. Yet it rejected an "informal appearance doctrine" that had been adopted by the Court of Appeals in *Matia Investment Fund, Inc. v. City of Tacoma*, 129 Wn. App. 541, 546, 119 P.3d 391 (2005) and *Skilcraft Fiberglass v. Boeing Co.*, 72 Wn. App. 40, 45-46, 863 P.2d 573 (1993). Those decisions stated that whether a defendant had made a sufficient informal appearance was generally a question of the defendant's intent and that an appearance could rest on *any* substantial action by the defendant that left no reasonable doubt that the defendant intended to defend any litigation. It could rest on action by the defendant that was taken even before commencement of the lawsuit, with no duty to take further action once the lawsuit was filed. With the decision in *Morin*, it is now clear that substantial compliance with the appearance requirement requires conduct taken *after*

commencement of the lawsuit apprising the plaintiff of the defendant's intent to litigate the case.

In this case, Ms. Wallace's letter, assuming it was sent and received, followed commencement of the lawsuit and was in response to the summons and complaint. But it did not communicate any clear intent to defend. To the contrary, while stating that she believed some charges were unjust, she wrote, "I believe I do owe this debt but . . . had some family issues . . . and was not able to make the appropriate payment. . . . I am not trying to run away from my responsibility only trying to negotiate the charges." CP at 129. The letter does not identify any specific error in the amounts claimed by the bank's complaint or assert any legal defense—only Ms. Wallace's contention that unidentified charges were "unjust." At most, it was a request that the bank entertain a discounted payment amount.

Because the letter, even if sent, did not apprise the bank of Ms. Wallace's intent to defend the case, it was not an appearance or substantially compliant with the appearance requirement. It could not have triggered a duty to give notice under CR 55(a)(1).

B. *Alleged violation of local rules*

Ms. Wallace next argues that she was entitled to relief under CR 60(b) because in moving for default, the bank had failed to submit documentation required by local court rules. Spokane County's local rules for superior court provide that for causes of action based on an open account where the complaint is not specific, a copy of the last written

13

statement of account sent to the debtor, containing certain information, shall be "on file with the motion for default judgment." Spokane County LCR 55(b)(4). Local rules provide that no judgment for accrued interest shall be allowed unless certain factors necessary for the computation of interest is on file. LCR 55(b)(9). Both provisions allow the trial court to excuse compliance "for good cause." LCR 55(b). The bank does not dispute Ms. Wallace's contention that the materials submitted in support of its motion for default did not strictly comply with the local rules.

Even though Ms. Wallace did not appear before entry of the default judgment, she may still move to vacate it on grounds provided by CR 60(b). *See Morin*, 160 Wn.2d at 755 (recognizing the CR 60(b) grounds as an alternative). Under CR 60(b)(1), a party may move to vacate a final judgment, whether entered by default or otherwise, on the basis of "irregularity in obtaining a judgment or order." For purposes of CR 60(b)(1), an "irregularity" occurs "when there is a failure to adhere to some prescribed rule or mode of proceeding, such as when a procedural matter that is necessary for the orderly conduct of trial is omitted or done at an unreasonable time or an improper manner." *Mosbrucker*, 54 Wn. App. at 652.

A party complaining of an adversary's rule violation stands on much different footing when she raises the violation after-the-fact, as a basis for relief from a judgment, than she would if she had brought the violation to the trial court's attention in a timely manner. It is not enough, after-the-fact, to show that a violation occurred.

14

First, a motion seeking relief from a judgment for an irregularity must be made "not more than 1 year after the judgment, order, or proceeding was entered or taken." CR 60(b). The trial court lacks authority to extend the time for filing. CR 6; *Suburban Janitorial Servs. v. Clarke Am.*, 72 Wn. App. 302, 307, 863 P.2d 1377 (1993). Ms. Wallace's motion to vacate the default judgment was brought 20 months after it was entered, too late to assert irregularity as a basis for relief.

Second, while we do not review a trial court's rejection of a claim of irregularity using the four factors identified in *White*, Ms. Wallace still must show that the trial court abused its discretion in rejecting the local rule violation as a basis for relief. Any proceeding to vacate a default judgment is equitable in character, and relief is to be afforded in accordance with equitable principles, with the court exercising its authority and discretion to the end that substantial rights be preserved and justice done between the parties. *White*, 73 Wn.2d at 351.

Where a defendant relies on a procedural irregularity as a basis for vacating a default judgment, courts examine the likelihood that the irregularity affected the integrity of the process. They examine whether the defendant has shown that, had the correct procedure been followed, the default order and judgment might never have been entered. *See Mosbrucker*, 54 Wn. App. at 652 (irregularity supported relief where plaintiff sued on a defendant's guaranty without attaching a copy of the lease on which the defendant's signature as guarantor had been crossed out); *In re Marriage of Tang*, 57 Wn. App. 648,

15

654-55, 789 P.2d 118 (1990) (abuse of discretion was not shown where nothing suggested that a plaintiff's failure to file a list of assets affected the trial court's decision).

Here, the bank's complaint identified the exact amount of the asserted debt, identified the amount of its request for fees, and requested interest at the highest legal rate. The affidavit in support of the default judgment affirmed the amount of the debt and disclosed the annual percentage rate of interest provided by Ms. Wallace's account agreement. Attached to the affidavit was an apparent copy of an account statement for Ms. Wallace's account for the period August 8, 2009 to September 7, 2009.

Ms. Wallace's argument on appeal is limited to showing that the bank did not strictly comply with the documentation and information requirements imposed by the local rule. She makes literally no effort to show that the documentation and information provided by the rule, if filed, would have contradicted the information that the bank *did* submit. She offers no other reason why the documentation and information required by the local rule would have affected the trial court's decision to grant an order of default and enter the judgment.

Because Ms. Wallace's request for relief on grounds of irregularity was untimely and she fails to demonstrate that the trial court abused its discretion in concluding that the local rule violation was an insufficient basis for equitable relief, we need not address Capital One's alternative argument that the evidentiary requirements imposed by LCR 55 impermissibly conflict with CR 55(b).

No. 31216-0-III
*Capital One Bank v. Wallace*

Affirmed.

A majority of the panel has determined that this opinion will not be printed in the

Washington Appellate Reports but it will be filed for public record pursuant to RCW

2.06.040.

Siddoway, C.J.

WE CONCUR:

Brown, J.

Fearing, J.

17